| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **MEMORANDUM, ORDER**<br>**& JUDGMENT** |
| In re: ZYPREXA PRODUCTS LIABILITY<br>LITIGATION | 04-MD-1596 |
| FLECIA V. GASKINS,<br><br>Plaintiff,<br><br>– against –<br><br>ELI LILLY & COMPANY,<br><br>Defendant. | 08-CV-5165 |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 4 2010 ★

BROOKLYN OFFICE



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.      Introduction ................................................................................................................1

II.     General Background of Zyprexa Litigation......................................................................2

III.    Analysis .....................................................................................................................6

   A.   Governing Law ........................................................................................................6

   B.   Learned Intermediary Doctrine ..................................................................................6

   C.   Knowledge of Risks by Plaintiff's Physician ...............................................................7

   D.   Claimed Lack of Professional Relationship .................................................................8

IV.     Conclusion................................................................................................................10

**I.      Introduction**

Defendant Eli Lilly & Company ("Lilly") moves for summary judgment against plaintiff

Flecia Gaskins.  Defendant also moves to exclude testimony by plaintiff's proposed expert, John

G. Citti, M.D, or, in the alternative for a *Daubert* hearing.



Plaintiff commenced this action against Lilly in North Carolina state court on October 31, 2008. Defendant removed the case to the federal district court for the Eastern District of North Carolina. It was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation.

For the reasons indicated below, defendant's motion for summary judgment is granted. Defendant's motion with respect to plaintiff's proposed expert is denied as moot.

## II.     General Background of Zyprexa Litigation

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co.*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa litigation and the numerous substantially similar motions for summary judgment that have been

decided, a short, summary order disposing of such motions is desirable except where unusual circumstances require special analysis. Repeated summary judgment motions and decisions have established a pattern applicable over a wide range of state laws. *See, e.g., Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4441-cv (2d Cir. Oct. 4, 2010); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4454-cv (2d Cir. Oct. 4, 2010); *Dean*

3

*v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying

Florida law and granting summary judgment on learned intermediary doctrine); *Washington v.*

*Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying

Michigan law and granting summary judgment on learned intermediary doctrine and lack of

causation), *aff'd*, No. 09-4434-cv (2d Cir. Oct. 4, 2010); *Smith v. Eli Lilly & Co.*, 653 F. Supp.

2d 181 (E.D.N.Y. 2009) (applying Arkansas law and granting summary judgment on learned

intermediary doctrine); *Pruett v. Eli Lilly & Co.*, No. 07-CV-1931, 2009 WL 2245068 (E.D.N.Y.

July 22, 2009) (applying Alabama law and denying summary judgment); *Carey v. Eli Lilly &*

*Co.*, No. 06-CV-2798, 2009 WL 2487305 (E.D.N.Y. July 27, 2009) (applying Virginia law and

granting summary judgment on learned intermediary doctrine); *Fuller v. Eli Lilly & Co.*, No. 06-

CV-2782, 2009 WL 2485829 (E.D.N.Y. July 31, 2009) (applying California law and granting

summary judgment on statute of limitations); *Head v. Eli Lilly & Co.*, 649 F.Supp.2d 18

(E.D.N.Y. 2009) (applying Arizona law and granting summary judgment on learned

intermediary doctrine), *aff'd*, No. 09-4455-cv (2d Cir. Oct. 4, 2010); *Earl v. Eli Lilly & Co.*, 688

F.Supp.2d 130 (E.D.N.Y. 2009) (applying Alabama law and denying summary judgment);

*Belcher v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3597447 (E.D.N.Y. Oct. 16, 2009)

(applying California law and granting summary judgment on statute of limitations), *aff'd*, No.

09-5004-cv (2d Cir. Oct. 4, 2010); *Quirarte v. Eli Lilly & Co.*, No. 07-CV-1161, 2009 WL

3597194 (E.D.N.Y. Oct. 16, 2009) (applying Illinois law and granting summary judgment on

learned intermediary doctrine); *Folse v. Eli Lilly & Co.*, No. 04-CV-1612, 2009 WL 3596526

(E.D.N.Y. Oct. 16, 2009) (applying Louisiana law and granting summary judgment on learned

intermediary doctrine); *Blume v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3596982 (E.D.N.Y.

Oct. 20, 2009) (applying California law and granting summary judgment on learned intermediary doctrine); *Guillen v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 5062114 (E.D.N.Y. Dec. 10, 2009) (applying California law and granting summary judgment on statute of limitations, learned intermediary doctrine, and other grounds), *aff'd*, No. 10-233-cv (2d Cir. Oct. 4, 2010); *Gove v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 5062109 (E.D.N.Y. Dec. 10, 2009) (applying Arizona law and granting summary judgment on statute of limitations, learned intermediary doctrine, and lack of causation), *aff'd*, No. 10-216-cv (2d Cir. Oct. 4, 2010); *Treuchel v. Eli Lilly & Co.*, No. 08-CV-01176, 2009 WL 5216930 (E.D.N.Y. Dec. 21, 2009) (Applying Minnesota law and granting summary judgment on learned intermediary doctrine); *Gurovitsch v. Eli Lilly & Co.*, No. 08-CV-1408, 2009 WL 5125636 (E.D.N.Y. Dec. 29, 2009) (applying Minnesota law and denying summary judgment); *Brown v. Eli Lilly & Co.*, 08-CV-3249, 2010 WL 99391 (E.D.N.Y. Jan. 8, 2010) (applying Mississippi law and granting summary judgment on lack of causation); *Trimble v. Eli Lilly & Co.*, No. 06-CV-3457, 2010 WL 348276 (E.D.N.Y. Jan. 22, 2010) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Abitang v. Eli Lilly & Co.*, No. 06-CV-3456, 2010 WL 331793 (E.D.N.Y. Jan. 28, 2010) (applying Illinois law and granting summary judgment on statute of limitations); *Asbury v. Eli Lilly & Co.*, No. 06-CV-1593, 2010 WL 1292268 (E.D.N.Y. March 30, 2010) (applying Kansas law and granting summary judgment on statute of limitations); *Dixon v. Eli Lilly & Co.*, No. 09-CV-1012, 2010 WL 2039010 (E.D.N.Y. May 19, 2010) (applying New York law and granting summary judgment on statute of limitations); *Carpentier v. Eli Lilly & Co.*, No. 07-CV-1458 (E.D.N.Y. May 28, 2010) (applying Oregon law and granting summary judgment on statute of

limitations); *Harvard v. Eli Lilly & Co.*, No. 06-CV-5335 (E.D.N.Y. Aug. 16, 2010) (applying New Jersey law and denying summary judgment).

## III. Analysis

Oral argument was heard on August 12, 2010. At that time plaintiff requested and was given an opportunity to make a supplemental submission concerning the applicability of the learned intermediary doctrine. Plaintiff's supplemental brief and defendant's response were received and reviewed by the court. Further argument was heard on October 7, 2010. Based upon the record and oral argument, dismissal is required.

### A. Governing Law

North Carolina state law governs this action. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)); *Hensley v. Nat'l Freight Transp., Inc.*, 668 S.E.2d 349, 351 (N.C. Ct. App. 2008) ("North Carolina follows the lex loci delicti rule (law of the situs of the claim) in resolving choice of law for tort claims.") (internal quotation marks and citation omitted).

### B. Learned Intermediary Doctrine

North Carolina follows the learned intermediary doctrine. A pharmaceutical company's duty to warn runs to the prescribing physician rather than to the patient taking a prescription drug. *See* N.C. Gen. Stat. § 99B-5(c) (1996); *Souther*, 489 F. Supp. at 269 (citing North Carolina statute); *see also, e.g., Allgood v. GlaxoSmithKline PLC*, No. 06-3506, 2008 WL 483574, at *3 (E.D. La. Feb. 20, 2008) (granting summary judgment for defendant because plaintiff had failed to show (1) that defendant did not adequately warn the physician of a risk associated with the drug that was not otherwise known to the physician and (2) that the "failure to warn the

6

physician was both a cause in fact and the proximate cause of the plaintiff's injury") (citation omitted), *aff'd sub nom. Allgood v. SmithKline Beecham Corp.*, No. 08-30329, 2009 WL 6465285, 314 F. App'x 701 (5th Cir. Mar. 13, 2009).

## C.     Knowledge of Risks by Plaintiff's Physician

On March 1, 2004, Lilly sent a "Dear Doctor" letter to physicians concerning the metabolic risks of Zyprexa. *E.g., Singer*, 2009 WL 1404978, *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010). Ms. Gaskin's prescribing physician, Dr. Celso B. Lobao, testified that he received this letter in 2004 and was aware of the warnings it contained. June 25, 2010 Aff. of Seth R. Oltman in Supp. of Def.'s Mot. for Summ. J. ("Oltman Aff."), Ex. 14 at 88–89 (Dep. of Dr. Lobao). Dr. Lobao's testimony established that at that time, he had already been aware of Zyprexa's diabetes-related risks for several years. *See id.* at 26–28. Dr. Lobao first prescribed Zyprexa for the plaintiff on May 17, 2005. Oltman Aff., Ex. 13 at GASKINSF_CPH_0005 (June 3, 2005 Coastal Plain Hosp. Discharge Summ.).

Plaintiff argues that the learned intermediary doctrine should not apply here because Lilly's warnings were inadequate, and only an adequate warning triggers the doctrine under North Carolina law. Pl. Supp. Opp. Br. at 3 (citing N.C.G.S. § 99B-5(c)). *See also id.* at 6 (citing *Holley v. Burroughs Wellcome Co.*, 348 S.E.2d 772 (1986)).

This argument contradicts previous holdings of this court, repeatedly affirmed by the Court of Appeals for the Second Circuit, that Lilly fulfilled its duty to warn by sending the "Dear Doctor" letter. *E.g., Singer*, 2009 WL 1404978, *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010). Accordingly, March 1, 2004 is the latest possible date on which members of the medical community knew or should have known about Zyprexa's obesity- and diabetes-related risks. *Id.*

*Holley*, relied on by the plaintiff, does not suggest a different result. *See* 348 S.E.2d 772. In that case, there were ample facts indicating that a different warning might have enabled a physician to recognize and treat his patient's malignant hypothermia, despite the physician's dubious assertion that he did not rely on drug labeling. *Id.* at 776–77. Here, plaintiff has produced no facts from which a jury could reasonably conclude that the warning in Lilly's 2004 "Dear Doctor" letter was inadequate. Her own expert acknowledged that the label was satisfactory. *See* Ex. 2 at 95–96 (Dep. of John G. Citti, M.D.).

Even if the warnings in the "Dear Doctor" letter were inadequate—and they were sufficient—a jury could not reasonably find that plaintiff's injuries were proximately caused by such an inadequacy because Dr. Lobao knew of Zyprexa's risks even before March 1, 2004. Because the treating physician had received full disclosure of Zyprexa's risks prior to prescribing the drug to plaintiff, her failure-to-warn claim must fail. Summary judgment is warranted.

## D.    Claimed Lack of Professional Relationship

Plaintiff argues that an exception to the learned intermediary doctrine applies because no physician-patient relationship was established between Dr. Lobao and plaintiff. *See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 13–14 ("Pl. Mem."). The doctor is said to have treated such a large number of patients that he would have been unable to perform an individualized balancing of the risks and benefits of Zyprexa for Ms. Gaskins in her particular circumstances. *See id.* at 12-13. His treatment of Ms. Gaskins is analogized to the type of "mass immunization program" or other routine vaccination in which it has been held that the lack of "individualized balancing" by the physician renders the learned intermediary doctrine inapplicable. *See id.* at 10-11, 12-13 & n.40 (citing and quoting *Williams v. Lederle Labs.*, 591

8

F. Supp. 381, 389 (S.D. Ohio 1984), in support of the proposition that "a direct warning to the patient was required if 'the vaccine is typically administered without the individualized balancing that underlies the learned intermediary rule'"); *see also Givens v. Lederle*, 556 F.2d 1341, 1345 (5th Cir. 1977) (holding duty to warn ran to the patient rather than the physician where vaccine was administered "in a manner more like that at a small country health clinic . . . than by prescription"). Plaintiff cites no authority to indicate that North Carolina law recognizes such an exception to the learned intermediary doctrine.

Assuming this exception existed in North Carolina, it would not apply to the instant case. There is no basis for comparing Dr. Lobao's treatment of Ms. Gaskins to a mass immunization program or other routine vaccination in which the particular circumstances of the patient are not given individualized consideration by a prescribing physician. The medical records and testimony show that Dr. Lobao considered Ms. Gaskins's specific symptoms and condition and made an individualized determination that treatment with Zyprexa was appropriate. *See, e.g.,* Dep. of Dr. Lobao at 30–37. Plaintiff adduces no evidence to the contrary. No reasonable juror could find to the contrary.

Defendant moves for exclusion of the testimony of plaintiff's proposed expert, John G. Citti, M.D., or in the alternative for a *Daubert* hearing. Dr. Citti is offered to show that Zyprexa caused plaintiff's diabetes. The motion is denied as moot. The proposed testimony would not affect the court's decision to grant the motion for summary judgment on the basis of the learned intermediary doctrine.

9

## IV.    Conclusion

Summary judgment against plaintiff is granted on the basis of the learned intermediary doctrine.  No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:    October 12, 2010
Brooklyn, New York

10